IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DRMR FINANCE NETWORK, LLC,

                        Plaintiff,

     v.

TYRONE STAINDL GRANDBERRY
and G GROUP INTERNATIONAL, LLC,

                        Defendants and
                        Third-Party Plaintiffs,

     v.

JOSHUA A. SCHULTZ and MARTIN J. GREENBERG,

                        Third-party Defendants.

ORDER

10-cv-156-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Tyrone Staindl Grandberry removed this case from the Circuit Court for Jefferson County, Wisconsin under 28 U.S.C. §§ 1441 and 1446. Plaintiff DRMR Finance Network's motion to remand the case is now before the court. Dkt. #7. Plaintiff raises three concerns about the notice of removal: (1) it fails to properly allege diversity jurisdiction; (2)

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

1

it was untimely filed; and (3) it has not been properly filed by all the defendants because pro se defendant Grandberry cannot represent defendant G Group International, LLC. Because I conclude that G Group International has not properly consented to removal, I will remand the case to the Circuit Court for Jefferson County.

Plaintiff argues that the notice of removal fails to properly allege the citizenship of the parties necessary to establish diversity jurisdiction (for instance, defendant Grandberry states that he is a Virginia resident, but he does not explain whether he is a *citizen* of that state). Also, plaintiff argues that defendant Grandberry untimely filed the notice of removal more than 30 days after receiving a copy of the complaint (although Grandberry seems to dispute that he received the complaint when plaintiff states.) Usually, I would give the parties a chance to clarify these issues; Grandberry would have to show that the parties are citizens of different states, and the parties would have to provide evidence indicating when Grandberry received the complaint. However, it is unnecessary to ask the parties to provide more information because there is another defect that is fatal to Grandberry's attempt to remove this case.

Plaintiff points out that not all of the defendants have properly consented to the removal. Valid removal generally requires the unanimous consent of all defendants. Pettitt v. Boeing Co., 606 F.3d 340, 343 (7th Cir. 2010); see also 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

2

which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants"* (emphasis added)). In the present case, defendant Grandberry filed the notice of removal on behalf of defendant G Group International. However, it is well established that a corporation may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," Rowland, 506 U.S. at 202, including limited liability companies such as G Group International. E.g., United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007); Kipp v. Royal & Sun Alliance Personal Ins. Co., 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus, G Group International has not properly consented to removal because it has not done so through a lawyer. This is the case even though Grandberry is the CEO, president and lead shareholder of the company.

Unfortunately for defendants, G Group International has run out of time to properly consent to removal, and I cannot provide an extension of time. The removal statute does not contain a "fairness exception" to the unanimity requirement. Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) ("There are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited

3

jurisdiction that strictly construes the right to remove."); see also Henderson v. Raemisch, 2010 WL 3282803, *1-2 (W.D. Wis. 2009) (ruling that defendants could not cure failure to obtain timely unanimous consent).  Accordingly, I will grant plaintiff's motion to remand the case.

Because this case will be remanded, plaintiff requests that defendants bear the costs of litigating the removal and remand as authorized by 28 U.S.C. § 1447(c), which provides that "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Generally, an award for costs in removal cases is justified when "the removing party lacked an objectively reasonable basis for seeking removal." Wisconsin v. Amgen, Inc., 516 F.3d 530, 534 (7th Cir. 2008) (citing Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)).  In Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007), the Court of Appeals for the Seventh Circuit held that a defendant had an objectively reasonable basis for removal "if clearly established law did not foreclose a defendant's basis for removal . . . ."  I will deny plaintiff's motion for costs and attorney fees because he fails to support his request with argument explaining how this standard is met in the present case.

4

ORDER

IT IS ORDERED that

1. Plaintiff DRMR Finance Network's motion to remand, dkt. #7, is GRANTED. This case is REMANDED to the Circuit Court for Jefferson County, Wisconsin.

2. Plaintiff's motion for costs and attorney fees, dkt. #7, is DENIED.

Entered this 27th day of August, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge